IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

  v.

JOSEPH S. AMUNDSEN,

    Defendant.
                                /

No. C 83-00711 WHA

**ORDER RE MOTION
FOR CONTEMPT**

        In 1983, defendant Joseph S. Amundsen, a certified public accountant, voluntarily entered into a consent decree barring him from "practicing" before the Commission. This arose due to his deficient audit report on a financial statement for Olympic Oil and Gas Company, Inc. He had no lawyer. He never appeared in court. He signed a consent form prepared by lawyers for the Commission. In a parallel filing, however, he acknowledged the voluntariness of his consent.

        From 1983 until at least 1998, Mr. Amundsen was not licensed as a certified public accountant and prepared no documents filed with the Commission. By 2003, however, Mr. Amundsen had regained his license. He began a niche practice of auditing financial statements of broker-dealers, which financial statements, together with his audit reports, were then filed with the Commission. He did so more than one thousand times.

        Problem is, the consent decree had enjoined him permanently from "appearing or practicing before the Commission in any way." When the Commission learned of this practice, it brought this motion to hold defendant in contempt. A full hearing was held on this motion and

at least three requests were made afterwards by the Court for follow-up submissions. This was done in order to be as fair as possible to defendant in light of the professional stakes at issue for him.

The question is whether or not defendant's auditing of financial statements of broker-dealers destined for filing with the Commission constituted "appearing or practicing before the Commission in any way."

The answer is yes. The Commission's regulations define "appearing or practicing" to include "preparation of any statement, opinion or other paper by any . . . accountant . . . filed with the Commission in any . . . report or other document with the consent of such . . . accountant." 17 C.F.R. 201.102(f). The regulation in 1983 likewise said the same.

Were we back in 2003, this issue would have been straightforward: The consent decree should have been construed to prohibit the signing of audit reports for broker-dealers destined for filing with the Commission. The regulations at the time of the decree as well as 2003 (as well as now) made clear that such activity constituted "appearing or practicing." Nothing in the record shows that the Commission ever misled defendant with respect to what he could or could not do under the decree.

The issue, however, did not come up in 2003. It has come up almost nine years later. In the meantime, defendant has developed an entire practice, having regained his CPA license, performing work that is allegedly barred by the consent decree. There is no proof that any of the audit reports have been deficient. It would have been better had the Commission spotted the problem earlier but it cannot be expected to do everything perfectly.

The Court is reluctant to shut down an entire line of business of a licensed CPA but after considerable deliberation over this motion, the Court is convinced, in light of his consent decree, that defendant should never have begun the practice in question in the first place and was at least on fair notice that the intended practice was covered by the prohibition in the decree. Any doubt thereon could have been removed by consulting the regulation and/or by petitioning the Court for relief. Instead, in the teeth of the no-practice bar, defendant forged ahead. Although he has subsequently explained that he believed the consent decree only barred audit reports for public

2

1  companies, the decree did not so read and such a narrow reading was unreasonable in light of
2  the regulation, as it read then as well as now.

3      For the foregoing reasons, this order directs defendant Joseph Amundsen to cease
4  preparation of all audit reports destined for filing with the Commission, including audit reports
5  on financial statements for broker-dealers so destined for filing with the Commission. He must
6  immediately notify all clients involved in such pending matters of this order. He must file with
7  the Court a complete list of all audit reports for broker-dealers he has signed since 2003,
8  identifying each by date and name of the broker-dealer. This must be filed within 28 calendar
9  days. This order, however, declines to compel defendant to disgorge any fees earned by him
10 since 2003.

11     In its most recent filing, the Commission further contends that defendant may not even
12 prepare unaudited financial statements to be filed by others, *i.e.*, that the no-practice bar goes
13 beyond preparing signed audit reports destined for the Commission. Perhaps this is so but
14 Mr. Amundsen has not yet had an opportunity to brief this point and the Court would prefer to
15 address it in a more concrete setting, so this issue will be left to the future.

16     Defendant Amundsen has represented himself at all times herein. He is fond of posing
17 flurries of hypothetical questions as to what he can and cannot do under the consent decree.
18 There is no occasion for the Court to render advisory opinions in the absence of a showing that
19 he is poised to pursue an endeavor. He would be well-advised to retain counsel to advise him on
20 this score and to frame, if he is so inclined, a cogent and persuasive motion to modify the scope
21 of the injunction. Whether or not such a motion would be granted would depend on its own
22 merits and this order does not intimate one way or the other.

24 **IT IS SO ORDERED.**

26 Dated: January 19, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3