IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

  v.

JOSEPH S. AMUNDSEN,

    Defendant.
                               /

No. C 83-00711 WHA

**ORDER DENYING MOTION TO VACATE INJUNCTION FOR LACK OF SUBJECT-MATTER JURISDICTION AND VACATING HEARING**

Defendant Joseph S. Amundsen has filed a motion to vacate the injunction entered in this matter in 1983. The issues raised in this motion are the same as the issues raised in Mr. Amundsen's previous motion to vacate the injunction, which was denied. Mr. Amundsen appealed the denial of that order. That appeal is still pending before our court of appeals. Thus, for the reasons set forth below, the instant motion is **DENIED** for lack of subject-matter jurisdiction.

In the recent order resolving plaintiff's motion for contempt, it was determined that defendant's auditing of financial statements of broker-dealers destined for filing with the Commission constituted appearing or practicing before the Commission (Dkt. No. 39). In that order, Mr. Amundsen was made aware that if he were so inclined, he could file a "cogent and persuasive motion to modify the scope of the injunction" (Dkt. No. 39 at 3). The order also stated that Mr. Amundsen "would be well-advised to retain counsel" to advise him on any such motion. Mr. Amundsen did not retain counsel. He did not file a motion to modify the scope of the

injunction. Instead, proceeding *pro se*, he filed another motion to vacate the injunction (Dkt. No. 40).

On October 4, 2010, proceeding *pro se*, Mr. Amundsen filed his first motion to vacate the injunction (Dkt. No. 5). He raised three arguments in favor of vacating the injunction. *First*, that he had been rehabilitated, as evidenced by his thirty years of "good behavior." *Second*, that the injunction was improper in light of the unfulfilled requirements of Section 7 of the Securities Act of 1933. *Third*, that the Commission had given him bad legal advice regarding the settlement agreement and that he was denied his "right of due process to understand the judgment" (Dkt. No. 5). Mr. Amundsen's first motion to vacate the injunction was denied because he did not make a showing, as is required under Federal Rule of Civil Procedure 60(b)(5), that conditions had changed, warranting vacating the injunction (Dkt. No. 14). Continuing to proceed *pro se*, Mr. Amundsen filed a notice of appeal, seeking reversal of that order, raising the same arguments as he did in the motion to vacate, and also arguing that he had been in compliance with the injunction. That appeal is still pending.

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Natural Res. Def. Council v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). The purpose of this rule is to, "promote judicial economy and avoid confusion that would ensue from having the same issues before two courts simultaneously. The principle of exclusive appellate jurisdiction is not, however, absolute. The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Ibid*.

Mr. Amundsen's instant motion to vacate presents the same issues that are currently pending before our court of appeals. And providing Mr. Amundsen with the relief he seeks — vacating the injunction — would not be an act to "preserve the status quo." The instant motion asserts three bases for vacating the injunction. *First*, Mr. Amundsen argues that the Commission attorneys provided him with bad legal advice as they "knew or should have know [sic] that there was no basis in law or in fact for this injunction and were in direct violation of 41 C.F.R. 60.250, the government's pledge to help Vietnam Vets." *Second,* Mr. Amundsen asserts violations of Section 7 of the Securities Act of 1933 and resulting invalidity of the injunction. *Third,* he argues

1 that there is no probable cause to continue the injunction as "there has never been any intent to
2 violate the injunction" (Dkt. No. 40).

Mr. Amundsen's instant motion to vacate the injunction presents the same issues that are pending on appeal. Thus, Mr. Amundsen's motion to vacate the injunction is **DENIED** for lack of subject-matter jurisdiction. The hearing set for March 8, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: March 2, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE