IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

  v.

JOSEPH S. AMUNDSEN,

    Defendant.

                        /

No. C 83-00711 WHA

**ORDER DENYING PETITION
TO VACATE INJUNCTION**

*Pro se* defendant Joseph S. Amundsen has filed a petition so "that the 1983 injunction be vacated . . ." (Dkt. No. 55 at 1).

The background of this action is found in prior orders (*see, e.g.*, Dkt. No. 39). In brief, this action was reassigned from Judge Robert P. Aguilar to the undersigned judge in 2010. That came after defendant, a then-certified public accountant, had voluntarily signed a consent "Final Judgment of Permanent Injunction" with the Securities and Exchange Commission in 1983, due to defendant's deficient audit report on a financial statement for Olympic Oil and Gas Company, Inc. As a result, the 1983 consent judgment permanently enjoined defendant from "appearing or practicing before the Commission in any way," among other things (Dkt. No. 3 at 3).

From 1983 to at least 1998, defendant was no longer licensed as a certified public accountant and prepared no documents filed with the Commission. By 2003, however, defendant had regained his license, and began a niche practice of auditing financial statements of broker-dealers. He then filed those statements — along with his audit reports — with the Commission, doing so more than a thousand times. An order dated January 19, 2012, therefore directed defendant to cease preparation of all audit reports destined for filing with the Commission, given that the 1983 consent judgment contained a no-practice bar against defendant

(Dkt. No. 39). Thereafter, defendant brought three requests to vacate the 1983 consent judgment, all of which were denied by the undersigned judge.

Now, the essence of defendant's present petition is this: the 1983 consent judgment should be vacated because (1) the Commission failed to disclose a ten-year statute of limitations that purportedly applies to his obligation to disclose the 1983 consent judgment and license revocation, (2) the 1983 consent judgment is supposedly "non-specific" as to what defendant can or cannot do thereunder, and (3) defendant reportedly "has had no other regulatory issues" since 1983 (Dkt. No. 55 at 2).

While the present petition is silent as to the authority that permits such a request to vacate, this order construes the petition under Federal Rules of Civil Procedure 60(b)(5) and (6). Those rules may permit relief from a final judgment, either because "applying [the judgment] prospectively is no longer equitable or because of "any other reason that justifies relief."

Having reviewed full briefing from both sides, the present petition is **DENIED**. As a preliminary matter, this order finds that there is no ten-year statute of limitation that applies to the Commission in the way that defendant now contends. At most, defendant cites the Financial Industry Regulatory Authority's Rule 8312, which governs how FINRA — not defendant — releases information through FINRA's BrokerCheck tool, an electronic search engine that provides information about FINRA-member firms and associated persons to the public. Put another way, Rule 8312 does not govern defendant's disclosure obligations. Nor does that rule impact the length of time for which the 1983 consent judgment is effective, much less provide some ten-year statute of limitations that defendant now claims.

This order further finds that defendant's other arguments for his present petition are unpersuasive, especially as those arguments have already been made (and lost) on his earlier requests for vacating the 1983 consent judgment (*see, e.g.*, Dkt. Nos. 5, 14, 26).

The present petition is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: November 21, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2