United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSEPH S. AMUNDSEN,<br><br>    Defendant.<br>_____/ | No. C 83-00711 WHA<br><br>**ORDER DENYING PETITION TO VACATE PERMANENT INJUNCTION** |

*Pro se* defendant Joseph Amundsen has filed another petition seeking to vacate his permanent injunction from practicing or appearing before the Securities and Exchange Commission (Dkt. No. 84).

The background of this action is found in prior orders (*see, e.g.*, Dkt. Nos. 39, 65). In brief, this action was reassigned from Judge Robert Aguilar to the undersigned judge in 2010. The reassignment occurred after defendant, a then-certified public accountant, had voluntarily signed a consent "Final Judgment of Permanent Injunction" with the SEC due to deficiencies in defendant's audits of financial statements for Olympic Oil and Gas Company. The 1983 consent judgment permanently enjoined defendant from "appearing or practicing before the Commission in any way," among other things (Dkt. No. 3 at 3). Since, Amundsen has moved to vacate the injunction imposed by the consent order on many occasions, though has never been successful in doing so.

United States District Court
For the Northern District of California

1  On May 16, 2017, the undersigned judge denied defendant's motion for reconsideration
2  of the denial of a prior petition to vacate the injunction (Dkt. No. 81), and on June 22, 2017,
3  again denied defendant's petition to dissolve the permanent injunction (Dkt. No. 83).

4  In this most recent motion, Amundsen again seeks dissolution of his injunction, this time
5  "because of prestidigitation (magic tricks), double shuffling (deception), hornswoggling
6  (besting someone by lying), and skullduggery (underhanded behavior) on the part of the [SEC]"
7  (Dkt. No. 84 at 1). He also asks that the Court "now order the SEC to provide proof that a plane
8  crash some 40 years ago would warrant the extraordinary persecution of 2010, 2012 and 2017"
9  and to have the SEC "acknowledge that it had no cause to strip Amundsen of his securities
10 licenses, that it found no cause for any of his work from 2003 [through] 2009, and that it didn't
11 know what the securities law was in 1983 since it had no records" (*id.* at 1–2).

12 Amundsen requests all of this based on his mistaken belief that our court of appeals "has
13 given this court the authority to revisit the 1983 settlement and each of the three subsequent
14 actions the SEC has taken against Amundsen to date, based upon [the] injunction" (*id.* at 1).

15 Amundsen refers the Court to an attached order, *Amundsen v. United States District
16 Court*, No. 13-71472, in which the appellate commissioner declined to reinstate Amundsen's
17 petition for a writ of mandamus, and took no action regarding Amundsen's request to "use a
18 Ninth Circuit decision on 13-71472 to petition the District Court for injunctive relief" (Dkt. No.
19 84 at 4–5). Additionally, Amundsen points to an action he brought against the SEC in the court
20 of appeals for the District of Columbia, seeking to reverse the SEC's disciplinary decision to
21 revoke Amundsen's license to practice before the SEC (*id.* ¶ 3).

22 It is not clear from Amundsen's petition to vacate exactly how he believes these actions
23 in our court of appeals and the court of appeals for the District of Columbia aid his case. They
24 do not. In both, Amundsen's claims were rejected, and the 1983 injunction he now seeks to
25 vacate was left in place. *See Amundsen v. United States District Court*, No. 13-71472, Dkt. No.
26 18 (9th Cir. 2013); *Amundsen v. Securities and Exchange Commission,* No. 13-1252, Dkt. No.
27 1507327 (D.C. Cir. 2014).

28

In his motion, Amundsen also informs the undersigned judge that the SEC has apparently "accused Amundsen of ignoring the SEC bar by performing a partner review" (Dkt. No. 84 ¶ 4). He argues that this accusation is unfounded because it retroactively applies a rule enacted in 2014 to his actions in 1979. From his motion, however, it is impossible to discern what accusation Amundsen is referring to, whether the SEC took any action, or what relief he is seeking in connection with this statement.

Amundsen's motion does not warrant relief from the 1983 injunction. It rehashes old arguments, and presents a confusing array of information, mostly pointing to this and other actions in which Amundsen's efforts to have his injunction lifted have failed. Accordingly, Amundsen's request that the Court vacate his injunction is **DENIED**.

As past orders in this action have observed, Amundsen would be well-advised to retain counsel to advise him in his pursuit to have his injunction vacated or modified. Whether such a motion would be granted would depend entirely on its merits, and this order does not intimate one way or the other.

**IT IS SO ORDERED.**

Dated: December 28, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3