IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JOSEPH S. AMUNDSEN,

Defendant.

No. C 83-00711 WHA

**ORDER DENYING MOTIONS TO PARTIALLY VACATE INJUNCTION AND FOR RECONSIDERATION**

In 1983, the Securities and Exchange Commission filed a complaint against defendant Joseph Amundsen, then a certified public accountant, alleging that defendant misrepresented material facts in audit reports he had prepared in connection with securities of Olympic Oil and Gas, Inc. Defendant later voluntarily signed a consent "Final Judgment of Permanent Injunction." The 1983 consent judgment permanently enjoined defendant from "appearing or practicing before the Commission in any way" (Dkt. Nos. 1–3).

In October 2010, defendant brought his first request to vacate the 1983 injunction. The undersigned judge denied the motion on the ground that defendant had failed to show changed conditions which would justify a modification of the injunction. Our court of appeals affirmed this denial (Dkt. Nos. 5, 14, 47).

In November 2011, the SEC brought a motion to find defendant in civil contempt, alleging that defendant had been appearing and practicing before the SEC as an accountant by (1) performing audits of securities broker-dealers registered with the SEC and (2) signing forms

for those broker-dealers knowing that they were required to be, and would be, filed with the SEC. An order dated January 19, 2012, granted in part and denied in part the SEC's motion. The January 2012 order found that defendant's auditing of financial statements of broker-dealers that would be filed with the SEC constituted "'appearing or practicing before the Commission' in violation of the injunction" and ordered defendant "to cease preparation of all audit reports destined for filing with the Commission, including audit reports on financial statements for broker-dealers so destined for filling with the Commission" (Dkt. Nos. 24, 39)

Over the next six years, defendant filed numerous additional motions to vacate the injunction, all of which have been denied. Defendant's multiple requests to reconsider the denials of those motions have also been rejected by the undersigned judge. Defendant, still proceeding *pro se*, brought the instant motions to partially vacate the injunction in February 2018 and March 2018, respectively. An order dated July 6 set a hearing on the motions. At the Court's request, the SEC provided a summary of the history of this litigation. This order accordingly follows full briefing and oral argument (*see, e.g.*, Dkt. Nos. 46, 62, 75, 81, 87, 93). Because the instant motions raise the same arguments, this order addresses both motions together.

Defendant asks that he be allowed to perform accounting work in three areas: (1) nonprofit organizations; (2) non-public broker-dealers; and (3) issuers. Defendant raises two arguments in favor of this request. *First*, he argues that such relief would be equitable because these activities were not the cause of the 1983 injunction. This argument fails to demonstrate, however, any changed circumstances which have made defendant's compliance with the injunction "substantially more onerous, unworkable because of unforeseen obstacles, detrimental to the public interest, or legally impermissible." *SEC v. Coldicutt*, 258 F.3d 939, 942 (9th Cir. 2001). As with prior orders, the undersigned judge declines to issue an advisory opinion as to whether the work defendant wishes to perform falls within the scope of the 1983 injunction.

*Second*, defendant argues that the undersigned judge "has the authority and jurisdiction to grant" his request in light of prior orders by our court of appeals and the court of appeals for

2

the District of Columbia. As has already been explained in prior orders, the authority on which defendant relies does not aid his case. In both decisions, defendant's claims were rejected and the 1983 injunction he now seeks to modify was left in place. *See Amundsen v. United States District Court*, No. 13-71472, Dkt. No. 18 (9th Cir. 2013); *Amundsen v. Securities and Exchange Commission*, No. 13-1252, Dkt. No. 1507327 (D.C. Cir. 2014). Although defendant references a "letter" in which our court of appeals told defendant that "the injunction was too broad to be enforced," he fails to attach any such letter to his motion.

Defendant's request to modify the injunction is accordingly **DENIED**. In addition to the reasons explained above, defendant has submitted a "Wells letter" which was sent to him by the SEC and which indicates that the SEC is currently investigating defendant for professional misconduct and aiding and abetting violations of federal securities laws. In the letter, the SEC alleges that in 2015 and 2016, defendant "served as an engagement quality reviewer or concurring partner on at least fourteen audits of broker-dealers where the audit client's financial statements had been prepared by [defendant's] nondependent child." The Court agrees with the SEC that the existence of this investigation counsels against granting defendant's requested relief. To the extent the instant motions ask for reconsideration of any prior orders, defendant fails to identify any new basis that would warrant reconsideration, and his request for reconsideration is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: August 2, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3