IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JOSEPH S. AMUNDSEN,

    Defendant.

No. C 83-00711 WHA

**ORDER FINDING DEFENDANT IN CIVIL CONTEMPT**

## INTRODUCTION

In this civil action for violations of federal securities laws, the Securities and Exchange Commission moves for an order finding defendant in civil contempt for violating a consent decree he entered in 1983. To the extent set forth below, the motion is **GRANTED**.

## STATEMENT

In 1983, the Securities and Exchange Commission filed a complaint against defendant Joseph Amundsen, then a certified public accountant, alleging that defendant misrepresented material facts in audit reports he had prepared in connection with securities of Olympic Oil and Gas, Inc. The complaint further alleged that defendant had made false statements under oath to the SEC staff investigating him. Defendant, proceeding *pro se*, voluntarily signed a consent "Final Judgment of Permanent Injunction." The 1983 consent judgment permanently enjoined defendant from "appearing or practicing before the Commission in any way" (Dkt. Nos. 1–3).

1    From 1983 until at least 1998, defendant was not licensed as a certified public
2 accountant and prepared no documents filed with the Commission. By 2003, however, he had
3 regained his license and began a niche practice of auditing financial statements of broker-
4 dealers, which financial statements, together with his audit reports, were then filed with the
5 Commission. He did so more than one thousand times at approximately three dozen broker-
6 dealers (Dkt. No. 39).

In November 2011, after an order denied defendant's first request to vacate the 1983 injunction, the SEC brought a motion to find defendant in civil contempt, alleging that defendant had been appearing and practicing before the SEC as an accountant by (1) performing audits of securities broker-dealers registered with the SEC and (2) signing forms for those broker-dealers knowing that they were required to be, and would be, filed with the SEC (Dkt. Nos. 5, 14, 24).

An order dated January 19, 2012, granted in part and denied in part the SEC's motion to find defendant in contempt. The January 2012 order found that defendant's auditing of financial statements of broker-dealers that would be filed with the SEC constituted "'appearing or practicing before the Commission' in violation of the injunction" and ordered defendant "to cease preparation of all audit reports destined for filing with the Commission, including audit reports on financial statements for broker-dealers so destined for filling with the Commission." The January 2012 order declined to resolve the Commission's additional contention that defendant could not prepare unaudited financial statements to be filed by others (Dkt. No. 39).

Since the January 2012 order, defendant has filed numerous additional motions to vacate the injunction, all of which have been denied. Defendant's multiple requests to reconsider the denials of those motions have also been rejected by the undersigned judge (*see, e.g.*, Dkt. Nos. 46, 62, 75, 81, 87, 101).[*]

---

[*] Since the SEC filed the instant motion, defendant has responded by filing three "petitions for summary judgment" (Dkt. Nos. 119, 125, 129). Because final judgment has already been entered in this case, this order construes these filings as motions to vacate the injunction. These motions, however, merely rehash old arguments that have been rejected on numerous occasions in prior orders. The motions are therefore **DENIED**.

The SEC now moves for a second order finding defendant in contempt for violating the 1983 injunction. The motion concerns activities in 2015 and 2016, during which time defendant served as the engagement quality reviewer ("EQR") on over a dozen audits of broker-dealers. To encourage compliance with the 1983 injunction in the future, the SEC seeks an order requiring defendant to disgorge all profits he received in connection with these audits (Dkt. No. 111). This order follows full briefing and oral argument.

**ANALYSIS**

"A court has power to adjudge in civil contempt any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002) (citation omitted).

**1. DEFENDANT VIOLATED THE 1983 INJUNCTION.**

The 1983 injunction prohibits defendant from "appearing or practicing before the Commission in any way." The scope of this injunction has been litigated incessantly for nearly a decade. Broker-dealers are regulated by the SEC, 15 U.S.C. § 78o, and practicing before the Commission includes the following (17 C.F.R. § 201.102(f)):

> (1) Transacting any business with the Commission; and
>
> (2) The preparation of any statement, opinion or other paper by any attorney, accountant, engineer or other professional or expert, filed with the Commission in any registration statement, notification, application, report or other document with the consent of such attorney, accountant, engineer or other professional or expert.

Public Company Accounting Oversight Board's Auditing Standard 7, in turn, requires an engagement quality review for audits of broker-dealers as part of the annual audit process. The EQR must provide concurring approval of issuance before the audit firm may grant permission to the client to use the auditor's report.

The SEC has submitted evidence — namely, defendant's under-oath testimony from a parallel SEC enforcement action — demonstrating that defendant recently acted as EQR on over a dozen audits. Defendant ensured that audit plans had been followed, proofread and corrected the underlying financial statements, and ultimately approved the audits. Defendant knew his approval was necessary for the audit team to release the audits to the broker-dealers for inclusion with their filings with the SEC. This work therefore constituted appearing and practicing before the SEC, as defendant knew that his approval of the audits was required and that the audits would later be filed with the Commission. Based on the above findings, a finding of civil contempt is warranted.

This case has tugged at the conscience of the district judge because defendant has been subjected to the injunction for decades and it has compromised his ability to earn a living. For that reason, the district judge was hopeful that the instant motion would provide an opportunity to consider whether some relief from the consent decree should be allowed. At the hearing on the instant motion, the undersigned accordingly directed the SEC to file a supplemental brief addressing the adequacy of defendant's EQR work on any one audit for 2014 or 2015. The SEC thereafter submitted evidence of the EQR work defendant performed for Profor Advisors, a broker-dealer, for its audit for the year ending on December 31, 2014. In connection with that work, defendant signed the "Supervision, Review, and Approval Form" that approved the audit of Profor. Therein, defendant affirmed that he "possess[ed] the competence, independence, integrity, and objectivity to perform the engagement quality review (EQR)" (Dkt. No. 134-1 at 5). In reality, however, defendant's daughter was Profor's financial and operations principal and had final responsibility for all financial matters, including the handling of financial statements. These circumstances demonstrate that defendant has remained tone deaf when it comes to his professional responsibilities and that the injunction should remain in place.

**2. APPROPRIATE RELIEF?**

In order to ensure defendant's future compliance with the 1983 injunction, the SEC seeks an order (1) requiring defendant to inform the Court and the SEC of the identities of all broker-dealers for which he served as EQR and whose audits were filed with the SEC, and the

4

years for which he served as EQR on those audits; (2) requiring defendant to withdraw from any present engagement as EQR on any audits of broker-dealers registered with the SEC; (3) restating that defendant is barred from appearing and practicing before the SEC, including appearing by participating in any way on audits of regulated entities such as broker-dealers; and (4) requiring defendant to disgorge all profits gained in performing the audits at issue in this order. With respect to disgorgement, the SEC estimates that defendant has earned at least $7,000 for his work as an EQR.

For the foregoing reasons, this order directs defendant to file with the Court a complete list of all broker-dealers for which he has served as EQR and whose audits were filed with the SEC since 2015, identifying each by date and name of the broker-dealer. This must be filed by **JUNE 14, 2019**. Defendant should be mindful that he remains barred from appearing or practicing before the SEC, including by participating in any way on audits of regulated entities such as broker-dealers. This order postpones consideration of any further penalties until completion of the SEC's parallel administrative enforcement action against defendant.

## CONCLUSION

To the extent stated above, the motion to find defendant in civil contempt is **GRANTED**.

**IT IS SO ORDERED.**

Dated: May 13, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE